IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**OCTAVIO BRINGAS, # 08680-095**                              **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO. 5:19cv38-DCB-MTP**

**UNITED STATES OF AMERICA, BUREAU
OF PRISONS, CORECIVIC-AC, HUGH
HURWITZ, MARK IEN, WARDEN
GILLIS, RECORD SUPERVISOR
JOHNSON, GRIEVANCE COORDINATOR
GAVETTE, CASE MANAGER KNIGT,
COUNSELOR PERNELL, JOHN DOE,
CHARLIE DOE, and RICHARD DOE**                              **RESPONDENTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Petitioner Octavio Bringas initiated this habeas action on May 7, 2019. At the time, he was incarcerated with the Bureau of Prisons.

On May 8, 2019, the Court ordered Bringas to either amend his *in forma pauperis* application or pay the $5 filing fee. Bringas amended his application nine days later; however, on May 29, he asked for more time to comply with the prior Order [3], even though he had already done so. Furthermore, the motion [5] for extension of time was unsigned. On July 18, the Court denied him pauper status and ordered him to pay the filing fee by August 7. On August 14, the Court also ordered Bringas to sign his motion by August 28. Having received no filing fee, on August 23, the Court entered the Order to Show Cause [8]. The Court ordered Petitioner to either pay the filing fee or show cause, by September 6, why the case should not be dismissed for failure to obey the Court's prior Order [6]. When Petitioner did not respond, the Court entered a Second Order to Show Cause [11], directing him to either comply or show cause why this case should not be dismissed for failure to obey the Court's Orders [6, 7] and to

prosecute.

All Orders [6, 7, 8, 11] were sent to Petitioner's address of record. The Order Denying *in Forma Pauperis* Status [6] was not returned as undeliverable, but the remaining Orders were. To date he has neither responded, provided a change of address, nor otherwise contacted the Court. The Court has warned Petitioner that failure to comply, including keeping the Court apprised of his address, may lead to the dismissal of his Petition. 2d Order to Show Cause [11] at 2; Order to Show Cause [8] at 1; Order to Sign [7] at 1; Order Den. *in Forma Pauperis* Status [6] at 2. It is apparent from Petitioner's failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the petitioner's failure to obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Respondents have never been called upon to respond to the Petition nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this case should be and is hereby dismissed without prejudice for failure to prosecute and obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil

Procedure 58.

    So ordered and adjudged, this the   24th   day of October, 2019.

                        s/David Bramlette
                        UNITED STATES DISTRICT JUDGE